UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

Kemar McGregor et al.,

               Plaintiffs,         **MEMORANDUM & ORDER**
                                                   24-CV-1520(EK)(SJB)

              -against-

VP Records et al.,

               Defendants.

-------------------------------------x
-------------------------------------x

Kemar McGregor et al.,

               Plaintiffs,         **MEMORANDUM & ORDER**
                                                   23-CV-4216(EK)(SJB)

              -against-

Warner Music Group-WMG Global Music
et al.,

               Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

         This Order is the product of the consolidation of two related cases.[1]  Following that consolidation, Plaintiffs flagged an obvious potential conflict of interest involving Daniel

---

[1] The Clerk of the Court is respectfully directed to amend the caption to reflect the correct names of the defendants: V.P. Music Group, Inc. (wrongly sued as "VP Records"), V.P. Records of Florida, Inc. (wrongly sued as "VP Records, Miramar FL"), STB Music Inc., Greensleeves Publishing Ltd. (wrongly sued as "Greensleeves Publishing"), Christopher J. Chin (sued as "Chris Chin"), Vincent D. Chin (sued as "Randy Chin"), Dorothy Patricia Chin (sued as "Patricia Chin").  See ECF No. 83 (24-cv-1520)

1

Aaron. He is now serving as the attorney for several defendants in case no. 24-CV-1520, while he is himself a defendant in the companion consolidated case, no. 23-CV-4216. Letter, ECF No. 84 (24-cv-1520). The Court construes the *pro se* plaintiffs' letter as a motion to disqualify Mr. Aaron as counsel.

Plaintiffs contend that:

> [W]hen the case was transferred [to this district from the Southern District of Florida], both plaintiffs and defendants agreed the cases should be merged. The court honored our request to merge the cases, and Daniel Aaron is a defendant in the merged case. How, then, can he represent the defendant in a case where he himself is sued?

ECF No. 84 at 2 (24-cv-1520).

This is a worthwhile question. Rule 3.7 of the New York Rules of Professional Conduct, the "attorney-witness rule," states:

> A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> *(1)* the testimony relates solely to an uncontested issue;
>
> *(2)* the testimony relates solely to the nature and value of legal services rendered in the matter;
>
> *(3)* disqualification of the lawyer would work substantial hardship on the client;
>
> *(4)* the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

*(5)* the testimony is authorized by the tribunal.[2] The Rule is based upon concerns that "(1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client." *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282-83 (2d Cir. 2004).

Here, Mr. Aaron may be deposed as a defendant on contested questions that are at issue in both cases (and are not related to the nature or value of his legal services).[3]  Among other things, the plaintiffs allege that Mr. Aaron "is a key contributor to the fraud and theft" of music titles and that he "submitted a fraudulent document to the Florida court" earlier in the life of this case.  ECF No. 84 at 1-2 (24-cv-1520).[4]

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[3] As discussed below, the plaintiffs have sought leave to amend their complaint in Docket No. 24-CV-1520 to add Mr. Aaron as a defendant.  That leave will be granted.

[4] The consolidation of these cases does not result in a "merging" of the two dockets.  Rather, the cases retain their distinct identities.  *See Hall v. Hall*, 584 U.S. 59, 67 (2018); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed.).  However, it is possible — indeed, likely — that Mr. Aaron will be deposed in both cases, thus warranting this Order to Show Cause.

Parties in civil cases do "have a well-recognized and entirely reasonable interest in securing counsel of their choice." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 180 (2d Cir. 2009). Thus, a motion to disqualify an attorney based on the attorney-witness rule will succeed "only when it is likely that the testimony to be given by [counsel] is necessary." *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994). "Courts determine whether an attorney's testimony is necessary by considering, among other things, the significance of the matters as to which the attorney's testimony is sought, the weight of the testimony, and the availability of other evidence." *Capital 7 Funding v. Wingfield Capital Corp.*, 2020 WL 2836757, at *18 (E.D.N.Y. May 29, 2020).

The plaintiffs bear the burden of demonstrating that the prejudice to Mr. Aaron's clients would be substantial if he continued to represent them. *Murray*, 583 F.3d at 178. In this context, "prejudice" means providing "testimony that is sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." *Id.*

Therefore, plaintiffs are ordered to show cause — on or before July 8, in a letter not to exceed 10 pages — why Mr. Aaron should be disqualified as counsel for defendants apart

4

from himself.  The defendants currently represented by Mr. Aaron shall submit any reply by July 29, 2024.  Mr. Aaron should, of course, arrange for his clients to be advised by another attorney — one who is unquestionably unconflicted — if he concludes that applicable law and / or his professional obligations require that course.

Separately, plaintiffs request leave to amend their complaint to add additional claims against Jessica Weiner, Daniel Aaron, and all existing defendants.  ECF No. 84, at 5 (24-cv-1520).  That leave is granted.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Plaintiffs shall file an amended complaint by July 16, 2024.

Given the Order to Show Cause and the request for leave to amend, defendants' motion to dismiss briefing deadline is extended to August 19, 2024; plaintiffs shall serve their opposition by September 20; and defendants shall serve their replies, if any, by October 1.

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    June 17, 2024
         Brooklyn, New York

5